IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

AMERICAN GENERAL FINANCIAL
SERVICES,

          Plaintiff,          Case No. 3:07 CV 2431

   -vs-

ECONOMY WINDOWS, SIDING &          MEMORANDUM OPINION
SUNROOMS, LLC, et al.,

          Defendant.

KATZ, J.

This matter is before the Court on a motion for summary judgment by Plaintiff, American General Financial Services, Inc. ("American General") against Economy Windows, Siding & Sunrooms, L.L.C. ("Economy Windows") and its owner Gary Rice (collectively, "Defendants"). For the reasons set forth below, and in Plaintiff's unopposed motion, the Court hereby grants Plaintiff's motion for summary judgment (Doc. 22). This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.    Background**

Pursuant to the parties' entrance into a Revolving Retail and Retail Installment Dealer Operating Agreement on November 21, 2002, Defendants, on February 14, 2003, entered into a Credit Sales Agreement with Duane and Trina Krummery for replacement windows. Accordingly, Defendants received payment from Plaintiff for the assigned Credit Sales Agreement. Subsequently, Defendants breached the Credit Sales Agreement with the Krummerys

by failing to install the replacement windows. Because of this breach, Defendants also breached the Dealer Agreement with Plaintiff.

In light of the arbitration clauses contained in both the Credit Sales Agreement and the Dealer Agreement, both Plaintiff and Defendants submitted their claims to the National Arbitration Forum ("NAF"), which on September 27, 2006, awarded Plaintiff damages totaling $12,743.39 as against the Defendants (the "Arbitration Award").

On August 9, 2007, together with an Amended Complaint supplemented therewith on October 10, 2007, Plaintiff appealed to this Court to confirm the Arbitration Award. As a result, Defendant Rice filed a letter in response to the Amended Complaint on December 19, 2007.

Based on the foregoing, on February 1, 2008 Plaintiff American General filed with this Court a Motion for Summary Judgment on its Amended Complaint to Confirm Arbitration Award.

## II. Standard of Review

According to Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." In determining whether summary judgment is appropriate, a court must resolve all ambiguities, and draw all reasonable inferences against the moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (U.S. 1986). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also, National Satellite Sports, Inc. v. Eliades, Inc*., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant is able to establish the lack of material fact per Rule 56(c), the non-movant must come forward with "specific facts showing that there is a genuine issue" of fact. *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also, McClean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The mere allegations of or denials therein from the non-movant's pleadings will not meet this evidentiary burden, nor will a mere scintilla of evidence supporting the non-movant. *Anderson*, 477 U.S. at 248, 252.

**III.     Discussion**

Plaintiff's sole claim before this Court is to have the arbitration award confirmed which, the Court concludes, presents no genuine issue as to any question of material fact.

The Krummerys' claims originally were pending in the Municipal Court, Hardin County, Ohio, and then properly dismissed by this Court per Plaintiff's motion to compel arbitration. Therefore, the requested confirmation of NAF's Arbitration Award in favor of Plaintiff is properly filed with this Court pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 (2006) (stating that a party to an arbitration agreement shall apply "to the United States court in and for the district within which such award was made").

Moreover, in cases involving arbitration enforcement orders, the FAA provides a stringent standard of review, because "[t]he Act expresses a strong policy that arbitration awards should be confirmed, and the scope of judicial review is one of the narrowest standards in all of American jurisprudence." *Nationwide Mutual Ins. Co. v. Home Ins. Co.*, 429 F.3d 640 (6th Cir. 2005).

Consequently, and because the record is void of any evidence that Defendants put forth to dispute the validity of the Arbitration Award, either substantively or jurisdictionally, case law and statutory guidelines favor this Court's confirmation of Plaintiff's award.

3

**IV.	Conclusion**

For the reasons discussed herein, as well as in the Plaintiff's memorandum and in the Arbitration Award itself, there is no genuine issue of material fact with respect to confirmation of the Arbitration Award, and the Court hereby grants Plaintiff's Motion for Summary Judgment (Doc. 22).

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE